1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAULETTE GEORGE, *ex rel.*
C.M.F., A.L.F. and G.F,

          Plaintiffs,

          v.

SUPERIOR COURT OF THE
STATE OF WASHINGTON; and
GARY FOX,

          Defendants.

No.  CV-13-3105-RHW

**ORDER DISMISSING ACTION**

      Before the Court is Plaintiff's Petition for Writ of *Habeas Corpus*, ECF No. 1, and Motion to Stay Court Proceedings or In the Alternative for Preliminary Injunction or Restraining Order, ECF No. 3. The motions were heard without oral argument. Also pending before the Court, but noted for a later date, are Defendant Gary Fox's Motion to Dismiss, ECF No. 35, and the Yakama Nation's Motion to Intervene, ECF No. 17.

      Plaintiff Paulette George is asking this Court to stay or enjoin pending state court proceedings involving a custody dispute. The issue that drives the request is whether the Spokane County Superior Court has jurisdiction to decide the custody issue. Plaintiff is the mother of the children and is a duly enrolled member of the Yakama Nation. Defendant Gary Fox is the father. He is a Gros Vente Tribe member. Their children are enrolled members of the Yakama Nation. The paternity of the children was established by the Yakama Tribal Court in 2004, 2007, and 2009. In each case, the Yakama Tribe ordered joint custody and no child

**ORDER DISMISSING ACTION~ 1**

support.

In June, 2011, the parents separated and each filed a custody petition.[1] Plaintiff filed in Yakama Tribal Court; Defendant filed in Spokane Superior Court. It is undisputed that prior to the filing of the petitions, the children and parents lived in Spokane County.

The Tribal Court granted Plaintiff immediate temporary custody of the children. A custody hearing was held on August 9, 2011 in which Defendant appeared and participated. The hearing was continued to September 8, 2011. Defendant did not appear at that hearing. Subsequently, on November 30, 2011, the Tribal Court entered an order granting sole custody to Plaintiff. Plaintiff and the children resided on tribal land until the summer of 2013 and the children attended Goldendale public school.

In July, 2012, proceedings on Defendant's petition in Spokane County Superior Court were held. Plaintiff appeared, objected to jurisdiction, and argued that the Superior Court did not have jurisdiction. Even so, on October 18, 2012, the Plaintiff agreed that a guardian ad litem was necessary and signed the order appointing the guardian ad litem. In June, 2013, Defendant obtained custody of the children, although the parties disagree how that custody was obtained.[2]

The guardian ad litem report was completed in July, 2013. Defendant then obtained an *ex parte* order from Spokane County Superior Court awarding him temporary custody of the children, pursuant to the petition he filed in 2011.

---

[1]Defendant requested 50/50 custody of the children. Plaintiff sought sole custody.

[2]On June 14, 2013, the children were attending tribal ceremonial activities on the Muckleshoot Indian Reservation. According to Plaintiff, Defendant took the children and brought them to Spokane without her consent and knowledge. According to Defendant, Plaintiff gave her consent and she never even tried to contact the children.

**ORDER DISMISSING ACTION**~ 2

A motion for temporary custody is noted for hearing in Spokane County Superior Court for November 13, 2013. The Yakama Nation filed a motion to intervene in that proceeding. The custody trial is set for November 18, 2013, in Spokane Superior Court.

In filing her Petition for Writ of Habeas Corpus, Plaintiff seeks to invoke the power of the federal courts to alter the course of pending state custody proceedings. As such, the facts of this case suggest a classic case of forum shopping. Defendant was unhappy with the orders of the Tribal Court, so rather than appeal the Tribal Court order, he proceeded with his petition in Spokane County Superior Court. Plaintiff, while agreeing to the appointment of a guardian ad litem for her children by the Superior Court, is unhappy with the latest orders based thereon issued by the Spokane County Superior Court. Rather than participate further, she asks this Court to intervene to enjoin further proceedings. The same jurisdictional arguments made to this Court have been raised before the Superior Court. In the normal course, those arguments would be heard by the Superior Court at the November 13, 2013 hearing unless enjoined by this Court.

Consequently, the Court finds that *Younger* abstention is appropriate. *Younger* and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citations omitted). The exception to abstention applies if the state proceedings demonstrate "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." *Baffert v. Calif. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

**ORDER DISMISSING ACTION~ 3**

Here, the three elements for abstention are met. The underlying Superior Court proceedings are ongoing and it is generally recognized that family relations are a traditional area of state concern. *Moore v. Sims*, 442 U.S. 415, 435 (1979); *H.C. ex rel. Gordon*, 203 F.3d at 613. The Superior Court had apparent concurrent personal jurisdiction over the parties with the Tribal Court and has jurisdiction to determine the legal affect of the Tribal Court proceedings, its own jurisdiction, and to consider deferring to the Tribal Court if it finds it appropriate. *See* Wash. Rev. Code 37.12.010; *Maxa v. Yakima Petroleum,* Inc., 83 Wash. App. 763, 767 (1996); *Confederated Tribes of the Colville Reservation v. Superior Court of Okanogan County*, 945 F.2d 1138, 1140, n.4 (9th Cir. 1991)(noting that Pub. L. 280 did not divest Tribal Courts of concurrent jurisdiction over child custody matters). The children were residing off-reservation in Spokane County for at least six months consecutive prior to when the custody petitions were filed, and it appears the children may have been domiciled on Yakama Nation land for at least a day when Plaintiff's custody petition was filed in Tribal Court. Finally, both parties availed themselves of the child custody proceedings held in the respective courts. Defendant participated in the Tribal Court proceedings, and Plaintiff participated in the Superior Court proceedings. Thus, Plaintiff has an adequate forum in which to assert her federal claims.[3] At this point, extraordinary

---

[3]Plaintiff's federal arguments include questions regarding the scope and extent of state versus tribal jurisdiction over Indian children; the sovereignty of the trial courts; the rights of reservation Indian to make their own laws and be governed by them, as a matter of comity; the Superior Court of Spokane County should afford full faith and credit to the orders and judgments of the Tribal Court; and the superior court should refrain from exercising jurisdiction over matters that involve the internal or social relations of the Tribe. The Spokane County Superior Court is an appropriate forum to address this issues. *See Middlesex*, 457 U.S. at 431. ("Minimal respect for the state processes, of course, precludes any

**ORDER DISMISSING ACTION**~ 4

circumstances do not exist that would require the Court to refrain from abstaining in this matter.

Here, because abstention is appropriate, dismissal of the action is warranted. *H.C. ex rel. Gordon*, 203 F.3d at 613 ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.").

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Petitioner for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**.

2.    Plaintiff's Motion to Stay State Court Proceedings or for Preliminary Injunction or Restraining Order, ECF No. 3, is **DENIED**.

3.    The Yakama Nation's Motion to Intervene, ECF No. 17, is **DENIED**, as moot.

4.    The Yakama Nation's Motion to Expedite, ECF No. 18, is **DENIED**, as moot.

5.    Defendant Gary Fox's Motion to Dismiss, ECF No. 35, is **DENIED**, as moot.

6.    Defendant Gary Fox's Motion to Expedite, ECF No. 34, is **DENIED**, as moot.

7.    The above-captioned case is **dismissed**, without prejudice.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 12th day of November, 2013.


*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2013\George\dismiss RHW Edits.wpd2.wpd

*presumption* that the state courts will not safeguard federal constitutional rights.").

**ORDER DISMISSING ACTION**~ 5